# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ARTHUR GADDIS, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-3579 |
| CANAL INSURANCE CO., ET AL | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court are (1) a Motion for Summary Judgment filed by defendants Canal Insurance Company ("Canal"), Juan Cepeda ("Cepeda"), and Mauro Bueno ("Bueno") (Rec. Doc. 29); and (2) a Motion for Partial Summary Judgment (Rec. Doc. 41) and (3) Motion to Strike (Rec. Doc. 45), both filed by plaintiffs Arthur Gaddis ("Gaddis"), Angelina Gaddis Roberts, and Scottie Roberts. The motions were taken under submission after oral argument on October 14, 2009. (Rec. Doc. 53). Having considered the arguments of counsel, the record and the applicable law, the Court GRANTS in part defendants' Motion for Summary Judgment, DENIES plaintiffs' Motion for Partial Summary Judgment, and DENIES plaintiffs' Motion to Strike for the following reasons.

## LAW AND ANALYSIS

This case involves a traffic accident between a Freightliner semi-tractor trailer, driven by Cepeda, owned by Bueno, and insured by Canal, and a Dodge Ram pick-up truck, driven by

Gaddis, that occurred at the intersections of Gause Boulevard and Frontage Road in St. Tammany Parish, Louisiana, on December 14, 2007. (Rec. Doc. 29 at 1). Cepeda's vehicle entered the intersection on a green traffic signal but, due to oncoming traffic and another truck in front of him, Cepeda was unable to make his desired left turn before the traffic signal turned red. (Rec. Docs. 29-2 at 1; 43-2 at 1; 41-4 at 11). While Cepeda waited to turn, Gaddis was stopped at a red light at the intersection, facing perpendicular to Cepeda's tractor. Cepeda was stopped in the intersection for about 20 seconds, waiting to attempt his turn. (Rec. Docs. 41-4 at 13; 29-5). While stopped, Cepeda's vehicle was blocking parts of some lanes of traffic traveling in Gaddis's direction. (Rec. Doc. 29-5). When Gaddis's light turned green, he proceeded into the intersection. (Rec. Doc. 41-4 at 11). However, Cepeda simultaneously attempted to complete his turn, striking plaintiff. (Rec. Doc. 41-4 at 11-12).

*Cross Motions for Summary Judgment*

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990) ( citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

2

Both parties rely on the same depositions in support of their summary judgment motions, and as such the relevant facts are not disputed.

Defendants argue that because Cepeda entered the intersection on a green light, he had the right of way. (Rec. Doc. 29 at 1-2). Plaintiffs argue that because Gaddis started moving first while Cepeda was stopped, it was Cepeda's negligence that caused the accident. (Rec. Doc. 41-3 at 8).

In determining which vehicle had the right of way, LSA-R.S. 32:232(1)(b) controls:

> Vehicular traffic facing a green arrow signal, shown alone or in combination with another indication, may cautiously enter the intersection only to make the movement indicated by such arrow, or such other movement as is permitted by other indications shown at the same time. Such vehicular traffic shall yield the right-of-way to pedestrians lawfully within an adjacent crosswalk and to other traffic lawfully using the intersection.

Cases interpreting this statute have universally concluded that a vehicle that enters an intersection on a green light may complete its turn before opposing traffic proceeds. Opposing traffic that fails to allow such a vehicle to complete its turn can be held fully at fault. *Bouldin v. Williams*, 472 So.2d 244, 244 (La. App. 1985) ("When defendant's light turned green, he had a duty 'to make a general observation of the intersection and to allow traffic already in the intersection at the time of the light change to complete the crossing thus begun.'") (quoting *Corrège v. Webb*, 284 So.2d 355, 361 (La. App. 1973).

Plaintiffs' attempts to distinguish the above cases are unpersuasive. (Rec. Doc. 41-3 at 10-12). It is clear that a vehicle can enter an intersection on a green light, stop, and then proceed to complete a turn after the light turns red. *See Bouldin*, 472 So.2d at 244. Cepeda's vehicle had the right of way, and Gaddis was at fault for failing to allow him to complete his turn before proceeding into the intersection. Plaintiffs' motion for partial summary judgment on the issue of

3

liability is therefore denied.

At oral argument, Plaintiffs raised the issue of comparative negligence, arguing that Cepeda was not exercising due care when he started forward in the intersection. This question has not yet been adequately briefed, and there may be relevant facts in dispute as to Cepeda's actions. Thus, Defendants' motion for summary judgement is granted in part as to the matter of right of way, leaving open only the question of Cepeda's comparative fault, if any.

*Motion to Strike and/or for Sanctions*

Plaintiffs argue that defendant Juan Cepeda has failed to respond to deposition requests from plaintiffs' counsel, and therefore should be stricken as a defense witness or sanctioned pursuant to Fed. R. Civ. P. 37(b). (Rec. Doc. 45-2 at 3). Cepeda no longer works for defendant Bueno, and may have limited English proficiency. (Rec. Doc. 47 at 3). Counsel for defendants have documented their good faith efforts to locate him. (Rec. Docs. 47-2, 47-3, 47-4). Trial in this matter is currently set for June 28, 2010, with a discovery deadline of May 10, 2010. (Rec. Doc. 40). Given the amount of time remaining before the close of discovery, the Court finds this motion premature. In the event the parties still cannot locate Cepeda as the discovery deadline approaches, the plaintiffs may renew their request at that time.

Accordingly,

IT IS ORDERED that defendants' Motion for Summary Judgment (Rec. Doc. 29) is GRANTED in part as to the issue of right of way; plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. 41) is DENIED; and plaintiffs' Motion to Strike (Rec. Doc. 45) is DENIED.

New Orleans, Louisiana, this 19th day of October, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**